## McNeil *vs* Sanford.

ERROR TO THE BOONE CIRCUIT.

*Co-sureties.    Contribution.    Evidence.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

McNEIL having paid a debt which he owed only as a surety for one *Lemon,* who had become insolvent, sued *Sanford* in *assumpsit,* alledging that he was a co-surety with him.

On the trial on the general issue, it appeared that the debt discharged by *McNeil* was due on a joint and several obligation, signed by *Lemon, McNeil* and *Sanford.* And, after proof of *Lemon's* insolvency, and of the fact that he was principal, and the other obligors sureties only, and that *McNeil* had been compelled to pay the whole debt; the obligee testified, that for money loaned to *Lemon,* he had taken the bond originally as signed only by *Lemon* and *McNeil,* but that about eight months after

---

*Margin notes:*

McNEIL.
*vs*
SANFORD.

ASSUMPSIT.

*Case 6.*

*September 9.*

The case stated.

McNEIL
vs
SANFORD.

it became due, he told *Lemon* that *"he must get addition-al security on said note or he must pay up the.money,"* and that *Lemon* took the note and shortly afterwards re-turned it with the additional and genuine signature of *Sanford* as a co-obligor.

Instruction of the Court,—verdict and judgment.

The Circuit Court excluded so much of the obligee's testimony as is included within the foregoing marks of quotation, and instructed the jury to find for *Sanford*, if they believed that eight months after the note had been executed by *Lemon* and *McNeil*, and delivered to the ob-ligee as their joint and several obligation, *Sanford* had added his name as an apparent co-obligor. Verdict and judgment having been accordingly rendered in bar of the action, those decisions by the Circuit Judge, are now to be revised.

The fact that one signed as surety, a joint and sev-eral note, eight months after the other obligors had become bound, is insuffi-cient to show that the underta-king was merely as a collateral guarantor of the other obligors, and in case there is principal and other surety, the presumption is, that the last is a *supplemental surety.*

Were it admitted that there was no error in the exclu-sion of testimony, still we should be of the opinion that the instruction to the jury was erroneous, for the style of the note imports that *Sanford* was, in all respects, a co-equal obligor, and the simple fact that his name was not subscribed until eight months after his co-obligors had be-come bound, would be altogether insufficient to qualify either the actual or legal import and effect of the obliga-tion on its face, and show that he was merely a collat-eral guarantor of the other obligors, and not a co-obligor with each and both of them. And when it appears also, that *Lemon* was sole principal, the legal deduction is, that the other obligors were co-sureties, notwithstanding the fact that *Sanford's* signature was long posterior to that of *McNeil*. The mere fact of posteriority would imply that *Sanford* was a supplemental surety for *Lemon*, and not that he was only the surety for both *McNeil* and *Lem-on*. There is neither proof nor presumption, that *McNeil* had any agency in procuring the signature of *Sanford*, or was, in any way, privy to it, or sought or even desired the indulgence which it procured for *Lemon*. Then, had *Sanford* even become bound with *Lemon* in a new and separate bond, he would, in equity, have been a co-surety with *McNeil*, and equally bound to contribute to their common burthen—and, of course, a payment of the whole debt by *McNeil*, would have been deemed a pay-

ment to the joint use of himself and *Sanford*, and a re- <span style="float:right">PRICE'S ADM'R.<br>*vs*<br>BOSWELL &c.</span>
sulting obligation to contribute one half in the event of
*Lemon's* insolvency, would have been implied by law,
a fortiori, the like obligation results from the facts as they
are.

But, in our judgment, the Circuit Judge erred also, in
excluding the testimony—1st, Because that testimony
was admissible to increase the presumption of a binding
consideration of forbearance, 'which might be inferred
from the excluded facts—and 2d, Because it would not
only tend to show that *Sanford* signed the bond at the
instance of *Lemon* alone, but would fortify the legal pre-
sumption, arising on the face of the note, that he was
understood and intended to be a co-surety with *McNeil*.

<span style="float:right; font-style:italic">In a suit by one surety against another, the original obligee, to whom the debt has been paid, is a competent witness.</span>

Wherefore, the judgment must be reversed, and the
cause remanded for a new trial.

*L. Hord* for plaintiff: *Cates & Lindsey* for defendant.